IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>D.J. GODFREY, WARDEN FLETCHER, ASST. WARDEN POWELL, MR. HENSON, CHAPLIN DE LELLA, and MR. MADRID,<br><br>Defendants. | CV-18-00150-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Benjamin Smith filed a Complaint alleging he was denied his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) 42 U.S.C. § 2000cc et seq. (Doc. 2.) Mr. Smith alleged Defendants refused to allow him to attend Jumah Services (Muslim congregational prayer service) at the Crossroads Correctional Center.

On January 31, 2019, the Court issued an Order requiring Defendants to respond to the Complaint. (Doc. 7.) On March 11, 2019, Defendant Godfrey filed a Waiver of Service of Summons (Doc. 12) in which counsel explained why no waiver of service was filed on behalf of "Warden Fletcher" stating:

1

> No acknowledgement or waiver of service under Fed. R. Civ. P. 4 is provided here for "Warden Fletcher," of the "Core Civic" prison. Mr. Michael Fletcher was formerly employed as the Warden of the Montana State Prison, but Mr. Fletcher has not been the warden of the "Core Civic" prison, as referred to in the Complaint. Therefore, it is unclear if the request for waiver is made to the warden of "Core Civic," misidentified as Warden Fletcher, or if the request for waiver is addressed to Mr. Fletcher, and the mistake is the designation of Mr. Fletcher as the warden of the "Core Civic" facility.
>
> Further, with respect to the related proceeding in this Court at CV-18-00008-GF-BMM-JTJ, the claim against Warden Fletcher was dismissed because the Court determined that he was an employee of Montana State Prison and all of the allegations concerned Plaintiff's claims with respect to his imprisonment in the Crossroads facility. Doc. 4 at 2, Doc. 11 at 1. This ruling indicates that the mistake is naming Mr. Fletcher, when the Complaint intended to name the warden of "Core Civic."

(Godfrey Wavier, Doc. 12.)  Similarly, on the CoreCivic's Waiver of Service of Summons document, counsel for CoreCivic indicated that Defendant Fletcher was not a CoreCivic employee.  (CoreCivic Waiver, Doc. 9.)

As "Warden Fletcher" was not employed by CoreCivic and the allegations in the Complaint arise out of incidents at Crossroads Correctional Center, the basis for liability against Warden Fletcher is unclear.  In addition, Warden Fletcher had not been served, accordingly on August 23, 2019 the Court issued an Order requiring Mr. Smith to show cause on or before September 13, 2019 why Warden Fletcher should not be dismissed from this action.  (Doc. 34.)  Mr. Smith did not respond.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

Warden Fletcher should be DISMISSED WITHOUT PREJUDICE for failure to serve pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 4th day of October, 2019.

                                          /s/ John Johnston
                                          John Johnston
                                          United States Magistrate Judge

---

[1] Mr. Smith is entitled an additional three days after the fourteen period would otherwise expire to file his objections.